COPE, J.
This is an appeal of an order summarily denying the motion of Heracio Johnson for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In the underlying case, the defendant was placed on community control, which was revoked on September 3, 2006. In 2008, defendant-appellant Johnson timely filed this rule 3.850 motion.
In Ground 1, the defendant states that he is entitled to an additional 268 days of credit for jail time served in this case prior to the September 3, 2006 sentencing hearing. The defendant argues that his counsel was ineffective for failing to obtain a proper award of credit for time served.
The trial court denied the motion, reasoning that the claim had been made previously in a motion based on Florida Rule of Criminal Procedure 3.800(a), which had been denied on April 1, 2008. As the State concedes, that ruling is not a bar to the current motion. While it is true that the rule 3.800(a) motion alleged the same claim for credit for jail time previously served, the State response to the rule 3.800(a) motion misinterpreted the claim as being a claim for time served after sentencing. Based on the State response, the trial court’s April 2008 order was a denial with *442 out prejudice to the defendant to seek postconviction credit from the Department of Corrections. The request for credit for jail time served prior to the revocation of community control was never ruled on. Because the postconviction record now before us does not conclusively refute the defendant’s claim, we remand for further consideration. See Fla. R.App. P. 9.141(b)(2)(D).*
We also reverse for further proceedings on defendant’s Ground 3, ■ in which the defendant claims ineffective assistance of counsel in connection with his plea to the affidavit of violation of community control. The defendant maintains that counsel advised him if he pled, he would receive a forty-two-month sentence and instead, he received a greater sentence. The postcon-vietion record now before us does not contain the colloquy from the September 3, 2006 plea. We therefore remand for further proceedings on Ground 3. We affirm the trial court’s denial of relief on Ground 2.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

 On remand it may be more efficient simply to treat Ground 1 as being a claim for additional credit for time served, instead of a claim alleging ineffective assistance of trial counsel.